IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 13-rj-00018-BNB

RONALD L. ANDERSON,

Plaintiff,

v.

RED ROCKS, LLC, a South Carolina limited liability company,
J. CHRIS LINDGREN, and
MARCY M. LINDGREN,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the following:

(1) **Motion for Clerk's Judgment Pursuant to Fed. R. Civ. P. 64(a) and C.R.C.P. 103 Section 2(g) and (h)** [Doc. # 27, filed 6/18/2014] (the "Motion: Alpine Bank"); and

(2) **Motion for Clerk's Judgment Pursuant to Fed. R. Civ. P. 64(a) and C.R.C.P. 103 Section 2(g) and (h)** [Doc. # 28, filed 6/18/2014] (the "Motion: MHCA").

On November 6, 2012, a judgment was entered in the United States District Court for the District of South Carolina in favor of Ronald L. Anderson and against Red Rocks, LLC; J. Chris Lindgren; and Marcy M. Lindgren in the principal amount of $2,900,730.57, plus interest (the "Judgment"). The Judgment was recorded in this court on June 26, 2013.

Under Rule 69, Fed. R. Civ. P., the procedure on execution of a judgment "must accord with the procedure of the state where the court is located. . . ." In Colorado, garnishment proceedings are governed by Rule 103, Colo. R. Civ. P. Applicable here is Rule 103, Sec. 2

concerning a Writ of Garnishment (On Personal Property Other Than Earnings of a Natural Person) With Notice of Exemption and Pending Levy, which provides in relevant part:

> **(g) Court Order on Garnishment Answer.**
>
> (1) If an answer to a writ with notice shows the garnishee is indebted to the judgment debtor, the clerk shall enter judgment in favor of the judgment debtor and against the garnishee for the use of the judgment creditor in an amount not to exceed the total amount due and owing on the judgment and . . . if the judgment creditor is represented by an attorney . . ., the garnishee shall pay the funds directly to the attorney. . . .
>
> (2) No such judgment and request shall enter until the judgment creditor has made a proper showing that: (A) a copy of the writ with notice was properly served upon the judgment debtor, and (B) no written claim of exemption was filed within 14 days after such service or a written claim of exemption was properly filed and the same was disallowed.

A Writ of Garnishment With Notice of Exemption and Pending Levy was served on Alpine Bank (the "Alpine Bank Writ"), which answered that it possessed personal property belonging to J. Chris Lindgren in the form of "funds in the amount of $475.17." Alpine Bank Writ [Doc. # 27-1, filed 6/18/2014]. Alpine Bank claims a setoff against the property for a "$75.00 bank processing fee." Id. at p. 2  Thereafter, copies of (1) the Alpine Bank Writ and (2) a Claim of Exemption to Writ of Garnishment With Notice were personally served on J. Chris Lindgren at Hilton Head Island, South Carolina, on August 28, 2013.[1]  Affidavit of Service [Doc. # 27-1] at p. 4.  Mr. Lindgren has not filed a written claim of exemption to the Alpine Bank Writ.

---

[1] Rule 103, Sec. 2(d)(2), C.R.S., provides that service on the judgment debtor shall be "in accordance with C.R.S. 13-54.5-107(2)." That section provides that service "shall be made by delivering a copy of such notice to the judgment debtor personally or by leaving a copy of such notice at the usual abode of the judgment debtor with some member of his or her family over the age of eighteen years," or by publication with leave of court upon a showing that personal service cannot be made.

A Writ of Garnishment With Notice of Exemption and Pending Levy was served on Mountain Haus Condominium Association ( the "MHCA Writ"), which answered that it possessed personal property belonging to John Chris Lindgren in the form of "funds totaling $2,935.62." MHCA Writ [Doc. # 28-1, filed 6/18/2014]. Thereafter, copies of (1) the MHCA Writ and (2) a Claim of Exemption to Writ of Garnishment With Notice were served on Lucas Van Arsdale, Esq., the attorney and agent for J. Chris Lindgren, who accepted service on behalf of Mr. Lindgren on June 4, 2014. Affidavit of Service [Doc. # 28-1] at p. 5. Mr. Lindgren has not filed a written claim of exemption to the MHCA Writ.

Ronald L. Anderson is represented in this action by:

> Erin C. Hunter, Esq.
> West Brown PC
> 100 S. Ridge Street, Suite 204
> P.O. Box 588
> Breckenridge, Colorado 80424.

Mr. Anderson, through counsel, filed the Motion: Alpine Bank [Doc. # 27] and Motion: MHCA [Doc. # 28] on June 18, 2014, seeking payment of the garnished funds.

I respectfully RECOMMEND:[2]

(1)    The Motion: Alpine Bank [Doc. # 27] and Motion: MHCA [Doc. # 28] be

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

GRANTED as specified;

(2) Judgment enter in favor of the judgment debtor, J. Chris Lindgren, for the use of the judgment creditor, Ronald L. Anderson, and against garnishee, Alpine Bank, in the amount of $400.17 (the "Alpine Bank funds");

(3) That judgment enter in favor of the judgment debtor, J. Chris Lindgren, for the use of the judgment creditor, Ronald L. Anderson, and against garnishee, Mountain Haus Condominium Association, in the amount of $2,935.62 (the "MHCA funds");

(4) That Alpine Bank and Mountain Haus Condominium Association be ordered to pay the Alpine Bank funds and the MHCA funds to West Brown PC at the following address:

> Erin C. Hunter, Esq.
> West Brown PC
> 100 S. Ridge Street, Suite 204
> P.O. Box 588
> Breckenridge, Colorado 80424.

Dated June 19, 2014.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge